IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CANYON CLUB CONDOMINIUM OWNERS
ASSOCIATION,

        Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a corporation,

        Defendant.

---

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant American Family Mutual Insurance Company ("American Family") hereby removes this action from the District Court, City and County of Denver, Colorado (state court case number 2018CV30363) to the United States District Court for the District of Colorado on the ground that there is jurisdiction under 28 U.S.C. § 1332(a). In support of removal, American Family states as follows:

### BACKGROUND

1. On January 30, 2018, Plaintiff Canyon Club Condominium Owners Association ("Plaintiff") filed a Complaint and Jury Demand ("Complaint") in the District Court, City and County of Denver, Colorado, case number 2018CV30363 ("State Court Action").

2.  Plaintiff served American Family with the Complaint on February 20, 2018, by service on the Colorado Division of Insurance. (*See* Division of Insurance letter, dated February 22, 2018, attached hereto as **Exhibit A**.)

3.  According to the Complaint, American Family is the insurer for the property located within the Canyon Club residential community located at 6495 Happy Canyon Road, in the City and County of Denver ("the Property"), under Policy Number 05XU1057-02 ("the Policy"). (Compl. ¶¶ 2, 8.)

4.  The Complaint alleges that on or about July 15, 2016, the Property "sustained significant hail damage from a localized hailstorm…." (the "Incident") (*Id.* ¶ 13.) Plaintiff filed a claim with American Family for the alleged damage resulting from the Incident (the "Claim"). (*Id.* ¶ 14.)

5.  Plaintiff, through its public adjuster, submitted a proof of loss to American Family, alleging that the replacement cost value of the damage to the Property was $7,927,782.96. (*Id.* ¶ 30; July 7, 2017 Sworn Statement of Loss, attached as **Exhibit B**.)

6.  Plaintiff alleges that American Family "breached the Policy by failing to properly and timely adjust the loss" and "by failing to pay all benefits due and owing under the Policy for the claim." (Compl. ¶¶ 37, 40-41.) Plaintiff also alleges that American Family "committed unfair claim settlement practices." (*Id.* ¶¶ 43-48.)

7.  Plaintiff asserts three claims for relief: (1) breach of contract, (2) common law bad faith, and (3) unreasonable delay in violation of C.R.S. §§ 10-3-1115 and 10-3-1116. (*Id.* ¶¶ 38-52.) Plaintiff seeks compensatory damages for the contract and common law claims, and seeks "reasonable attorneys' fees and court costs and two times the covered benefit" pursuant to

C.R.S. § 10-3-1116," pre and post-judgment interest, and expert fees. (*Id.* ¶¶ 42, 48, 52; *see also id.* at 11-12 (identifying categories of damage in the "wherefore" clause).)

8.  American Family contends that its actions were reasonable, and it did not breach the insurance contract, did not act in bad faith, and did not violate the penalty statutes, and that Plaintiff is not entitled to any recovery from American Family.

## GROUNDS FOR REMOVAL

**REMOVAL IS TIMELY**

9.  This Notice of Removal is filed within thirty (30) days after service of the Complaint on American Family via the Colorado Division of Insurance on February 20, 2018. (*See* Division of Insurance letter, dated February 22, 2018, attached hereto as **Exhibit A**.)

12.  Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

**DIVERSITY OF CITIZENSHIP EXISTS**

13.  A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions such. *See id.*

14.  Plaintiff is a Colorado non-profit corporation with its principal place of business in Denver, Colorado. (*See* Colorado Secretary of State summary, attached as hereto as **Exhibit C**.)

15. American Family is an insurance company organized under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin.[1] (*See* Colorado Secretary of State summary and Statement of Change, attached as **Exhibit D**.)

16. Because the parties are citizens of different states and American Family is not a citizen of the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

17. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

18. Plaintiff alleges that American Family has failed to pay covered policy benefits and unreasonably delayed or denied payment of insurance benefits. (Compl. ¶¶ 38-42, 49-52.)

19. Plaintiff's sworn proof of loss totaled nearly $8 million. (*See* **Exhibit B**.)

20. Should Plaintiff succeed in its claim under C.R.S. §§ 10-3-1115 and 1116, it seeks two times the covered benefit, attorneys' fees, and costs. (*Id.* ¶ 52.) This Court has interpreted C.R.S. § 10-3-1116 to permit insureds to recover the alleged covered insurance benefit plus double that benefit. *See Rabin v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1110

---

[1] In approximately January of 2017, after the Policy was issued and after the alleged date of loss, American Family Mutual Insurance Company's name was changed to American Family Mutual Insurance Company, S.I.

(D. Colo. 2012) (discussing recovery of benefits under C.R.S. § 10-3-1116). Accordingly, Plaintiff is therefore seeking well in excess of $75,000.

21.     Further, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicated that it seeks "[a] monetary judgment over $100,000," excluding interest and costs. (*See* Plaintiffs' State Court Civil Cover Sheet submitted herewith.)  Plaintiff's representation on its civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

22.     The Complaint's request for an award of attorney fees under C.R.S. § 10-3-1116 alone, in a case involving three separate claims for relief of this nature, places the amount in controversy over the $75,000 threshold. (*See* Compl. ¶ 52.)  "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is undisputed that substantial attorney fees will be incurred in this matter.

23.     In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

24. Venue is proper in the District Court of Colorado pursuant to 28 U.S.C. § 1391 because it is in the district and division encompassing the City and County of Denver, where the State Court Action is pending.

## PROCESS, PLEADINGS, AND ORDERS SERVED

25. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

26. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed contemporaneously in the State Court Action is attached as **Exhibit E**.

## NO WAIVER

27. No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

28. For the reasons set forth above, American Family removes this action to the United States District Court for the District of Colorado.

29. Further, to the extent the Court has any questions regarding the issues of diversity of citizenship between the parties or the amount in controversy, American Family reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated: March 22, 2018

Respectfully submitted,

*Below-signed counsel certifies that he is a member in good standing of the bar of this court.*

*s/ Jeremy A. Moseley*
Terence M. Ridley
Jeremy A. Moseley
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:     ridley@wtotrial.com
           moseley@wtotrial.com

Attorneys for Defendant,
American Family Mutual Insurance Company

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on March 22, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email:

Christopher N. Mammel
Merlin Law Group, P.A.
1001 17th Street, Suite 1150
Denver, CO 80202
Email: cmammel@merlinlawgroup.com

*Attorney for Plaintiff*

*s/ Jeremy A. Moseley*
Terence M. Ridley
Jeremy A. Moseley
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: ridley@wtotrial.com
moseley@wtotrial.com

Attorney for Defendant,
American Family Mutual Insurance Company