| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>Denver City & County Bldg.<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br> 720-865-8301 | DATE FILED: January 30, 2018 8:22 PM<br>FILING ID: 4F867D0BA7BD6<br>CASE NUMBER: 2018CV30363 |
| CANYON CLUB CONDOMINIUM OWNERS ASSOCIATION<br><br>**Plaintiff,**<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation.<br><br>**Defendant.** | Case No.: |
| **Attorney for Canyon Club Condominium Owners Assoc.:**<br> Christopher N. Mammel, No. 10980<br> Merlin Law Group, P.A.<br> 1001 17th Street, Suite 1150<br> Denver, Colorado 80202<br> Tel: (720) 665-9680<br> Fax: (720)665-9681<br> E-mail: cmammel@merlinlawgroup.com | |
| **COMPLAINT AND JURY DEMAND FOR BREACH OF CONTRACT, STATUTORY RELIEF UNDER C.R.S. §§ 10-3-1115 AND 1116, COMMON LAW BAD FAITH** | |

Plaintiff, Canyon Club Condominium Owners Association ("Canyon Club"), by its undersigned attorneys, for its Complaint against American Family Mutual Insurance Co. ("American Family"), alleges, avers and states as follows:

## **NATURE OF THE ACTION**

1.      Canyon Club brings this action for relief due to American Family's breaches of contract for failure to duly investigate and adjust, and then timely pay insurance benefits for damages to property covered by American Family's insurance policy which exceed the total amount of $15,000, exclusive of pre-judgment interest, court costs and attorneys' fees. Additionally, Canyon Club sues to enforce its rights under C.R.S. 10-3-1115 and 1116, and related laws in response to American Family's acts and failure to act.

## **PARTIES, JURISDICTION, AND VENUE**

2.      During all relevant times, Canyon Club was operated and maintained commercial residential real property located at 6495 Happy Canyon Road, Denver, CO, 80237 ("the Property") and has standing to bring this action.

3.      Upon information and belief, Defendant American Family is an insurance company licensed with the State of Colorado, the Division of Insurance, engaged in the business of issuing property and casualty insurance policies insuring commercial and other properties in the State of Colorado.

4.      This Court has subject matter jurisdiction over this cause of action.

5.      A cause of action exists under Colorado state law for claims regarding the conduct complained of herein

6.      Personal jurisdiction is proper as to American Family pursuant to C.R.S. § 13-1-124(1)(a), (b), and (d) because American Family conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within the State of Colorado.

7.      Venue is proper pursuant to Colo.R.Civ.P. 98 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

8.      American Family issued Canyon Club a commercial all risk businessowners insurance policy, Policy Number 05XU1057-02 ("the Policy"). A certified copy of the Policy is attached hereto as Ex. "A."

9.      The Policy was a renewal of a prior policy issued by American Family and was in full force and effect from April 1, 2016 to April 1, 2017.

10.      Pursuant to its Policy, American Family agreed to pay for direct physical loss of or damage to the insured premises as a result of hail.

11.      Pursuant to its Policy, American Family agreed to adjust all losses with the insured at the Insured's location.

12.      Canyon Club paid the premiums due on the Policy in a timely manner and performed all duties and responsibilities required of it under the Policy.

13.      On or about July 15, 2016, while the Policy was in full force and effect, the insured premises sustained significant hail damage from a localized hailstorm, producing strong winds up to 60 MPH and hailstones up to 1.75" in diameter.

14.      When it became aware of extensive damage to the Property after an inspection, Canyon Club timely made claims to American Family for benefits under the Policy, namely the cost to restore and replace the damage.

15.      In October of 2016, American Family acknowledged notice of the claim, assigning claim no. 00-225-173505 *et al.* and indicated it was undertaking its claim investigation without reservation. Around this time, American Family assigned adjuster Tiffany Waters to the claim.

16.      On October 16, 2016, Canyon Club requested that American Family provide its coverage decision and explanation as soon as possible. Canyon Club also requested a variety of

documents related to the claim including a certified copy of the policy, underwriting reports and all documents, photographs and documentation regarding the Property.

17.     American Family has not produced any documents evidencing underwriting or loss control inspections at the Property before the July 2016 hailstorm.

18.     On November 4, 2016, Canyon Club provided American Family with several documents, including a meteorology report from Forensic Weather Consultants along with NEXRAD Level III radar images of the storm on the date of the loss, photographs of the Property the morning following the storm, and information regarding the type of roofing system at the Property and installation date of same.

19.     Several days later, on November 7, 2016, American Family performed its initial inspection of the Property with representatives from Canyon Club.

20.     On November 10, 2016, American Family provided Canyon Club with its initial coverage decision, denying damages to the brick and acknowledging liability for damages to the shingle roofs, some windows and some painting. On November 22, 2016, Canyon Club received payment from American Family for the undisputed Actual Cash Value amount of loss it had determined and was therefore obligated to pay.

21.     In a letter dated December 6, 2016, Canyon Club outlined, with extensive supporting photographic and additional documentary evidence, the numerous discrepancies and omissions in American Family's investigation and ultimately in American Family's estimate, causing a material undervaluation of the loss and damage for which it was responsible. The letter also requested any additional documentation and evidence used by American Family in support of their coverage decision.

22.     On December 8, 2016, American Family notified Canyon Club that the claim had been reassigned to adjuster Ken Null.

23.     In a letter dated December 19, 2016, American Family misrepresented the coverages afforded to Canyon Club, asserting among other misstatements that "replacement cost refers to dollar amount of the work completed, not to the scope of the work" and that an example of the term indemnify was that "the insured had windows and after this method of repair, will again have windows of like, kind and quality." American Family also asserted, without a physical inspection, that a "review of the photos shows that the paint of the siding has been affected by the impact of the hail. Such impacts did not disrupt the grains of the siding…A new coat of paint will return the siding to its original rough-sawed texture and pre-loss condition."

24.     Following additional communications with Canyon Club's representatives identifying errors and poor investigation by American Family, on February 6, 2017, Canyon Club was notified that the claim had been again reassigned and would now be handled by adjuster Mark Winfield. Canyon Club contacted Mr. Winfield and updated him on the status of the claim by providing him with the chronological claim correspondence and requesting that this newly assigned adjuster take the time to familiarize himself with the material information already provided by Canyon Club based on its investigation to date.

25.     On February 14, 2017, Canyon Club's representative contacted Mr. Winfield. During this conversation, Mr. Winfield acknowledged that American Family's estimate had clearly omitted certain items and advised that he would revise the estimate and American Family would make additional payment of the amounts thus acknowledged to be due under the Policy.

26.     On March 22, 2017, Canyon Club's representative contacted Mr. Winfield to follow up on the status of American Family's revised estimate and payment of the additional

amounts due Canyon Club. During this conversation, Mr. Winfield asserted that while the application of depreciation to both the replacement cost amount and the General Contractors Overhead & Profit (GCO&P) was improper, that it was American Family's "standard." During this phone call, Mr. Winfield notified Canyon Club that American Family would be requesting a Sworn Statement in Proof of Loss and that Canyon Club would have 60 days to provide the Proof of Loss to American Family. Due to the size of the Property, Canyon Club requested 120 days instead of 60 to complete the Proof of Loss. Mr. Winfield stated that 120 days would not be a problem.

27.     On April 4, 2017, American Family demanded that Canyon Club provide a Sworn Statement of Loss to American Family "within 60 days," along with additional document requests, and failed to acknowledge and honor the 120-day period for further investigation to submit a Proof of Loss previously discussed and agreed by Mr. Winfield and Canyon Club.

28.     On May 28, 2017, after no communication from American Family for nearly two months, Canyon Club submitted its Initial/Partial Sworn Statement in Proof of Loss, along with voluminous supporting reports, data and materials.

29.     On June 9, 2017, Canyon Club received notification from yet-another American Family adjuster Kimberly Swoboda, that the Proof of Loss was being rejected due to "content." The correspondence further stated that the Proof of Loss did not contain estimates in support of claim amounts nor any of the additional documents requested.

30.     On July 7, 2017, Canyon Club again provided American Family with Canyon Club's entire Sworn Statement in Proof of Loss presentation along with 9,417 pages of supporting documentation, as originally submitted. Canyon Club requested clarification of whether Ms. Swoboda had become the adjuster assigned to the claim in order to assure that she had the extensive

historical information concerning investigation of the loss already supplied in the course of adjustment. American Family failed to clarify her status.

31.      On July 10, 2017, Sharon Larsen, now the fifth adjuster employed by American Family to be involved, notified Canyon Club that she would now be handling the claim.

32.      In a letter dated August 30, 2017, Ms. Larsen informed Canyon Club that the Proof of Loss presentation was again being rejected for "lack of content," continuing American Family's refusal to acknowledge and evaluate the 9,417-page Proof of Loss submission, including 6,500 pages of detailed estimates prepared using the industry-standard Xactimate estimating software routinely used by American Family itself. The letter advised that the Property would be reinspected by another engineering firm.

33.      On September 21, 2017, during a telephone conversation with Ms. Larsen, Ms. Larsen acknowledged that in fact she had not reviewed the Proof of Loss presentation to ensure that all the supporting documents requested were there, but admitted that the extensive documentation supporting the Proof of Loss had actually been received and had been in American Family's possession.

34.      On November 27, 2017, Canyon Club notified American Family that temporary emergency repairs would be made to the Property to ensure no additional loss during the winter months. Canyon Club requested that American Family coordinate an inspection prior to the temporary repairs. In an email response to this request, Ms. Larsen stated that American Family would not be responsible for the costs associated with any "winterizing" of the Property's roofing system, ignoring the information that "temporary repairs" were being made, compensable under the Policy consistent with the Insured's duties to reasonably mitigate and prevent further losses.

35.     On December 15, 2017, Ms. Larsen asserted in a letter that "in 2012, the roofs were changed from wood shingles to the current comp shingles. As a result of that change, venting issues, which were present at that time, have resulted in damages currently being claimed. These issues may not be covered under the policy." This representation of the circumstances leading to potential denial of coverage under the Policy was materially false and incorrect.

36.     Canyon Club has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively has been excused from performance by the acts, representations and/or conduct of American Family.

37.     American Family failed to make timely decisions and pay the full benefits due under the Policy within 60 days after Canyon Club's complete claim was submitted, as required by DORA Regulation 5-1-14. American Family failed to timely adjust and fully pay its insured the amounts owed under the policy it wrote and issued, ignoring the acknowledgement by its own representatives that American Family owed additional payments based on its own investigation to date. American Family failed to correct its erroneous positions, failed to acknowledge its responsibility to pay undisputed amounts, and failed to provide documents and information requested within a reasonable period or confirm their non-existence.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

38.     Plaintiff re-alleges paragraphs 1-37 as though fully set forth herein.

39.     Pursuant to the Policy, American Family has a contractual obligation to investigate, adjust and pay the full amount of Plaintiff's damages from the insured event, including the costs to repair and/or replace the damage.

40.     American Family breached the Policy by failing to properly and timely adjust the loss.

41.     American Family breached the Policy by failing to pay all benefits due and owing under the Policy for the claim.

42.     As an anticipated and direct result of American Family's actions, Canyon Club has not received Policy benefits owed to indemnify it for the entire loss. Canyon Club has:

(a) incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

(b) suffered and will continue to suffer incidental and consequential damages; within the contemplation of the parties in the event of breach; and

(c) suffered and will continue to suffer loss and damage by incurring other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other harm.

WHEREFORE, Plaintiff Canyon Club Condominium Owners Association, respectfully requests that this Court enter Judgment against Defendant American Family Mutual Insurance Company for damages, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
## COMMON LAW BAD FAITH

43.     Plaintiff re-alleges paragraphs 1-42 as though fully set forth herein.

44.     Under the insurance policy, American Family owes its insured the duty of good faith and fair dealing.

45.     An insurer breaches its duty of good faith and fair dealing when it knowingly or recklessly engages in unfair claim settlement practices.

46.     Among other conduct, American Family has committed unfair claim settlement practices including, without limitation:

(a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy it wrote and issued;

(b) Failing to adopt and implement reasonable standards for the prompt investigation of this claim and other claims arising under insurance policies;

(c) Refusing to pay the claim without conducting a reasonable investigation based upon all available information, including the information demanded from and provided by its Insured;

(d) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of this and other claims in which liability has become reasonably clear;

(e) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately due and recovered in actions brought by such insureds;

(f) Misrepresenting the terms and conditions of the Policy in an attempt to influence the insured to settle for less than all benefits reasonably afforded under the Policy for the subject loss and damage;

(g) Encouraging its claim representatives to engage in unfair claims settlement practices against its insured, thereby violating applicable laws and regulations of the State of Colorado.

47.     American Family has committed such actions willfully and with such frequency as to indicate a general business practice.

48.     As a direct and proximate result of American Family's actions, Canyon Club has:

(a) Incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;

(b) Suffered and will continue to suffer damages as a proximate result of the misconduct alleged; and

(c) Suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other losses.

WHEREFORE, Plaintiff Canyon Club Condominium Owners Association, respectfully requests that this Court enter Judgment against Defendant American Family Mutual Insurance Company for damages, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate under the circumstances.

**THIRD CLAIM FOR RELIEF**
**UNREASONABLE DELAY IN VIOLATION OF**
**C.R.S §§ 10-3-1115 and 1116**

49.     Plaintiff re-alleges paragraphs 1-48 as though fully set forth herein.

50.     Under Colo. Rev. Stat. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

51.     Measured against objective industry standards for claim handling and payment, American Family's actions have unreasonably delayed and/or denied payment of the loss and damage.

52.     Colo. Rev. Stat. § 10-3-1116 authorizes a first-party claimant, such as Canyon Club, whose claim for payment of benefits has been unreasonably delayed or denied, to bring an action in a district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

**WHEREFORE**, Plaintiff Canyon Club Condominium Owners Association respectfully requests that this Court enter Judgment against Defendant American Family Insurance Company

for damages, including two times the covered benefit pursuant to applicable law, costs, pre and post-judgment interest, attorneys' fees, expert witness fees, and such other and further relief as the Court deems just and proper under the circumstances.

**Plaintiff Demands a Jury Trial of All Issues So Triable**

Dated this 30th day of January, 2018.

Respectfully submitted,

By: /s/Christopher N. Mammel
Christopher N. Mammel
No. 10980
Merlin Law Group, P.A.
1000 17th Street, Suite 1150
Denver, CO 80202
Telephone: (720) 665-9680
Facsimile: (720) 665-9681
Email: cmammel@merlinlawgroup.com