IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00683-DDD-STV

CANYON CLUB CONDOMINIUM OWNERS
ASSOCIATION,

          Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, a corporation,

          Defendant.

---

**AMERICAN FAMILY'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 702
TO EXCLUDE CERTAIN TESTIMONY OF STEVEN PLITT**

---

Defendant, American Family Mutual Insurance Company ("American Family"), by its

undersigned counsel, opposes Plaintiff Canyon Club Condominium Owners Association's

Motion Under Rule 702 to Exclude Certain Testimony of Steven Plitt ("Motion") (ECF 198) as

follows:

## INTRODUCTION

Plaintiff's Motion to exclude Plitt's expert opinions fails on several accounts and is both

legally and procedurally deficient. As an initial matter, Plaintiff sets forth "representative

examples" of opinions it seeks to preclude. This approach is procedurally deficient. Under Judge

Domenico's Practice Standards, a party contesting the admission of expert opinions must

"identify with specificity each opinion the moving party seeks to exclude." Plaintiff's provision

of "representative examples" is clearly contrary to the Court's mandate. As a result, Plaintiff

should be limited to challenging those specific opinions that it cites or quotes in the Motion. To do otherwise would require American Family and the Court to guess at the other opinions to which Plaintiff objects.

Second, for most of the contested opinions, Plitt gathered the information that was available to American Family at the time it made its coverage decisions and then opined on whether those decisions were consistent with industry standards. This approach is wholly appropriate for insurance claim-handling experts. Plaintiff protests that his summary of available information favors American Family's experts. Not so. Plitt also quotes from the reports of Plaintiff's experts that were available to American Family during the claim adjustment period and does not opine which experts are correct; rather, he opines how, under industry standards, the information provided by those experts would inform an insurer's decisions regarding payment. However, even if Plaintiff's allegations that Plitt ignores contrary evidence were true, it should be addressed through cross-examination at trial and is not a basis for excluding Plitt's expert testimony.

The remainder of Plitt's contested opinions concern whether American Family's determination to file counterclaims and not pay on estimates (received during litigation) was consistent with industry standards. With respect to Plitt's counterclaim opinions, he opines that filing the counterclaims comported with industry standards given the facts known and available to American Family. It is appropriate for American Family to disclose an expert to opine that filing such counterclaims is consistent with industry standards—particularly in light of Plaintiff's allegations in the Second Amended Complaint that the counterclaims were asserted in bad faith. (ECF 86, ¶¶ 47(a)-(h).) With respect to Plitt's opinion about American Family not paying on

2

estimates generated during the litigation, Plitt's opinion about American Family's decision not to pay on the estimate, given the unreliable methodology used in its creation, is an appropriate application of industry standards. *See Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988) (*en banc*). Moreover, Plaintiff's criticism of American Family's decision should, in any event, be barred by the suspension rule. *E.g. Rabin v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1113 (D. Colo. 2012). In short, Plitt is not in fact opining on ultimate issues for the jury.

## BRIEF FACTUAL BACKGROUND

The claim centers on a hail storm that impacted the Plaintiff's property on July 15, 2016. (ECF 89, ¶ 34.) American Family investigated the claimed damages and issued an initial actual cash value payment in November 2016. (*Id.*, ¶¶ 46, 54.) Plaintiff's public adjuster provided American Family with a claim presentation on July 7, 2017, (*id.*, ¶ 85), which included a report from Solutions Before Solutions After ("SBSA") dated June 19, 2017 ("2017 SBSA Report"). (ECF 162-4.) In response to the claim presentation, American Family engaged Architectural Alliance Group ("AAG") to assess the property. AAG issued its report regarding the claimed damage on January 30, 2018 ("2018 AAG Report"). (ECF 166-11.) After receiving the 2017 SBSA Report and the 2018 AAG Report, American Family made an additional, actual cash value payment for alleged damages to the property on March 2, 2018. (ECF 163-4.)

Plaintiff filed this lawsuit on January 30, 2018. (ECF 87, ¶ 103.) While this suit was pending, Plaintiff reconstructed one building at the property, after which another of its experts, Reconstruction Experts, created and submitted a new estimate for alleged hail-caused repairs to the entire property, totaling an astonishing $19.35 million. (ECF 87, ¶¶ 267, 270, 278; ECF 163-7, p. 4.) Litigation expert disclosures then occurred on August 31, 2020. (Ex. A, expert

disclosures document excerpts.) Among the expert disclosures, SBSA and AAG disclosed expert

reports. Plitt also disclosed his expert report the same day. (*Id.*)

## ARGUMENT

**I.    PLAINTIFF'S MOTION MUST BE LIMITED TO THOSE OPINIONS IT SPECIFICALLY IDENTIFIED.**

Plaintiff asserts it is providing "representative examples" of allegedly improper opinions

by Plitt, (Mot., pp. 5-9) but this Court's Practice Standards disallow that practice. The Practice

Standards require that motions to exclude expert testimony "shall identify with specificity each

opinion the moving party seeks to exclude. The motion shall also identify the specific ground(s)

on which each opinion is challenged…." DDD Civ. P.S. III(F)(2).

Chief Judge Brimmer has adopted the same practice standards for motions to exclude

expert testimony and has identified the purpose of this rule to be "to focus the analysis on

specific opinions. The burden is on [the moving party] to identify the specific opinions it seeks to

exclude." *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG,

2020 WL 2839302, at *3 (D. Colo. June 1, 2020).  Chief Judge Brimmer has repeatedly chosen

to determine the admissibility of only those opinions specified in the motion to exclude. *See*

*Gould v. Union Pac. R.R. Co.*, No. 19-cv-02326-PAB-NRN, 2021 WL 4428286 at *10 (D. Colo.

Sept. 27, 2021) (argument that doctor should not be permitted to opine regarding

"neuropsychology," without identifying particular opinions to exclude, violated the Court's

Practice Standards, and therefore, the court would not address those non-identified opinions);

*Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00532-PAB-NRN, 2021 WL 4317112, at *6 (D.

Colo. Sept. 23, 2021) (evaluating the admissibility of only those opinions the motion to exclude

reasonably identified); *Sands v. Integon Nat'l Ins. Co.*, No. 18-cv-00714-PAB-NYW, 2020 WL

7027442, at *3 (D. Colo. Nov. 30, 2020) (construing motion to exclude as applying only to those opinions the motion reasonably identified).

Plaintiff's Motion includes eight "representative examples" under three sub-pointed bases of objection to Plitt's opinions. These eight opinions encompass the total opinions that this Court should consider. Plaintiff has waived any arguments regarding exclusion of any additional opinions propounded by Plitt by failing to address them with the specificity required. Any other determination would improperly and unfairly require American Family and the Court to guess which additional opinions from Plitt's 61-page August 2020 report and subsequent 43-page rebuttal report might be encompassed by Plaintiff's arguments for exclusion. Compliance with the Practice Standards is required precisely to avoid such guesswork. Therefore, American Family will only address the opinions specifically addressed in the Motion.[1]

## II.    LEGAL STANDARD FOR INDUSTRY CUSTOM EXPERTS

Plaintiff seeks to expand the holding of *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988) (*en banc*) beyond its outer bounds. *Specht* construed Fed. R. Evid. 704, distinguishing between allowable "testimony on ultimate facts" and disfavored "testimony on ultimate questions of law." 853 F.2d at 807-08. Importantly, *Specht* declined to "exclude all testimony regarding legal issues." *Id.* at 809. "[A] witness may refer to the law in expressing an opinion." *Id.* "Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Id.*

---

[1] American Family incorporates the general standard of decision for motions under Fed. R. Evid. 702 motions as set forth in its previously-filed Rule 702 motions (ECF 195, 196, and 197). American Family objects to Plaintiff's standard to the extent Plaintiff cites cases outside the Tenth Circuit or District of Colorado. *See* Motion, pp. 3, 5.

*Specht* recognized that a legal expert may "explain[ ] a discrete point of law which is helpful to the jury's understanding of the facts." 853 F.2d at 810. Explaining a discrete point of law is appropriate when "focused on a specific question of fact," because such tailored testimony does not usurp the court's role to instruct the jury. *Id.* at 809. *Specht* therefore "allowed experts to apply the law to the facts to reach a discrete legal conclusion relevant to the case." *U.S. v. Wade*, 203 F. App'x 920, 930 (10th Cir. 2006). An expert's testimony may "reach[ ] legal conclusions," provided that the expert opines about those legal conclusions "after explaining his understanding of the relevant law and then applying the facts as he understood them." *Id.* at 931. *See also U.S. v. Richter*, 796 F.3d 1173, 1196 (10th Cir. 2015) ("Witnesses are permitted to testify about how the law applies to a certain set of facts, so long as they provide adequate explanations for their conclusions.") Any untoward risk posed by the admission of targeted legal conclusions is ameliorated by cross-examination and by instructing the jury that it may reject the expert's legal conclusions like any other expert opinion. *Wade*, 203 F. App'x at 931.

Although the *Specht* Court rejected the testimony of the expert—an attorney who told the jury which law governed the verdict and whether defendants violated it— the Court did so because the expert went too far: "The expert's testimony painstakingly developed over an entire day" an "array of legal conclusions touching upon nearly every element of" the claim raised. *Specht*, 853 F.2d at 808. The expert "invade[d] the court's authority" by "discoursing broadly over the entire range of the applicable law." *Id.* at 809. Thus, *Specht's* "crucial distinction lies between 'discoursing broadly over the entire range of the applicable law,' which is improper, and 'focus[ing] on a specific question of fact,' which is permissible." *Wade*, 203 F. App'x at 930 (quoting *Specht* 853 F.2d at 809). In short, *Specht* allows expert opinions in the form of legal

6

conclusions; it just requires that such testimony be tailored to specific issues of disputed fact to which the expert's opinions relate, because such tailored testimony can assist the jury.

In the particular context of insurance claim-handling experts (such as Plitt), the accepted methodology in this judicial district is for the expert to identify the pertinent case facts, identify the insurance industry standards and practices which the expert believes apply to those facts, and then opine whether and how those standards were met. *See, e.g.*, *O'Sullivan v. Geico Cas. Co.*, 233 F. Supp.3d 917, 925 (D. Colo. 2017); *accord George v. Metro. Prop. & Cas. Ins. Co.*, No. 18-cv-01663-PAB-SKC 2020 WL 70424, at *13 (D. Colo. Jan. 2, 2020) (following *O'Sullivan*); *Stoker v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv-03569-NYW, 2021 WL 4201583, at *5 (D. Colo. May 6, 2021) (following *O'Sullivan*).  That is what Plitt has done.

## III.    PLITT APPROPRIATELY OPINED ON WHETHER AMERICAN FAMILY'S COVERAGE DECISIONS WERE CONSISTENT WITH INDUSTRY STANDARDS IN LIGHT OF AVAILABLE EXPERT INFORMATION.

### A.    Plitt may opine that Plaintiff failed to meet industry standards by not advising American Family of pre-existing ventilation problems at the property.

Plaintiff disputes Plitt's opinion that Plaintiff "had an affirmative obligation under the covenant of good faith and fair dealing and consistent with custom and standards in the industry to advise American Family that the roof ventilation issue [ ] was not caused by the July 15, 2016 hailstorm..." (ECF 198-1, p. 45; Mot., p. 5, ¶ (a).)  First, Plaintiff contends that he is improperly instructing the jury on what the law requires. As explained in the above discussion regarding *Specht* and the proper scope of testimony for insurance industry experts, courts routinely permit experts to testify regarding insurance industry standards and customs.

Plaintiff also mistakenly claims that Plitt is bolstering the expert opinion of American

Family's architectural engineer, Paul Logan, that there is a roof ventilation issue. First, Plitt's

expressed opinion does not specifically refer to the expert opinions of Paul Logan or anyone else.

Second, Plaintiff's own 2017 SBSA Report opines that Plaintiff's roof assemblies suffer from

pre-existing defective ventilation. (ECF 162-4, p. 20 ¶ 2 and pp. 55-56, 60.) Indeed, the 2017

SBSA Report opines "SBSA visually inspected the roof covering for possible sources of water

penetration through the roof covering, none were identified." (ECF 162-4, p. 37.) Plaintiff

provides no contrary evidence. (Mot., *passim*.) Thus, Plitt is not, as Plaintiff suggests,

eliminating the jury's "sifting function". There was no dispute, at least prior to the 2020 expert

disclosures, that the property suffered from roof ventilation issues.

Plaintiff also does not explain how Plitt's opinion would circumvent the jury's decision-

making function. In compliance with the standards established in *Specht* and *Wade*, Plitt

establishes standards for insurance claims, the proper standards for an insured's conduct, and

then applies relevant facts to those standards in a manner that will assist the jury in

understanding the underlying facts of the case. *See Wade*, 203 F. App'x at 930; *Specht*, 853 F.2d

at 809. Additionally, he does not discourse broadly on the entire range of applicable law, but

rather, focuses on specific questions of fact, which is permissible (e.g. failure to disclose pre-

existing construction defects).

### B.       Plitt may opine that there are outstanding questionable representations about the Plaintiff's claim submission that rendered it unreasonable.

Plaintiff disputes Plitt's opinion that its "Claim Presentation" was contained questionable

representations and was therefore unreasonable. (Mot., p. 6, ¶ (b).) Beginning on page 45 of his

report, and continuing for the next five pages, Plitt sets forth facts available to American Family

at the time it evaluated coverage in 2018, including the 2017 SBSA Report and the 2018 AAG Report. He quotes from both reports to the extent each addresses the point at issue. In doing so, Plitt congregates the information available to American Family when it made its March 2018 coverage determinations. Marshalling the information in this fashion is appropriate, because an insurer's coverage determination "must be evaluated based on the information before the insurer at the time of that decision." *State Farm Mut. Auto. Ins. Co. v. Reyher*, 266 P.3d 383, 390 (Colo. 2011).

Plaintiff accuses Plitt of ignoring opposing contentions or interpretations of facts regarding the unreasonable portions of Plaintiff's claim submission. But Plaintiff does not point to any factual contentions known to American Family at the time it made its coverage determinations regarding the claim submission that Plitt does not include in his report. Indeed, Plaintiff does not point to any "opposing contentions or interpretations of facts" at all in its Motion. American Family is unaware of any and will not speculate about what Plaintiff might be referring. Thus, there is no basis to which Plaintiff has pointed that would justify excluding this opinion. Furthermore, even if Plaintiff were to point to facts contrary to Plitt's opinions, this would not be a basis to exclude Plitt's expert opinions, but instead could be addressed through cross-examination.

### C. Plitt may opine on the facts disclosed during the claim adjustment and history that form the basis of his opinions.

Plaintiff takes issue with Plitt's summary of facts from the claim adjustment to support his opinion regarding the reasonableness of American Family's rejection of Plaintiff's claim presentation. (Mot., p. 6, ¶ (c).) Plaintiff points to, and quotes, one paragraph from page 48 of his report and contends that Plitt is adopting the evaluations of AAG while opining that SBSA's

opinions were wrong. In fact, the preceding paragraph, not quoted by Plaintiff, summarizes the findings regarding delamination of plywood from the 2017 SBSA Report. (ECF 198-1, p. 48.) That paragraph quotes copiously from the 2017 SBSA Report to arrive at the conclusion that SBSA and AAG both concurred that the pre-existing ventilation at the property was defective, resulting in interior moisture accumulation within the roof assemblies. (*Id.*) In short, Plitt's opinion is that the pre-litigation positions of SBSA and AAG are the same; therefore, Plaintiff's contention that Plitt improperly opines AAG is correct and SBSA is wrong is without basis. Prior to litigation, there were no competing facts about the cause of moisture within the roofing assemblies, and Plaintiff does not point to any in its Motion. Plaintiff's unsubstantiated allegations are insufficient to justify excluding expert testimony.

**D.      Plitt can opine that American Family acted within industry standards in light of available facts.**

Plaintiff contends, without support or even argument, that Plitt may not argue that "[i]t was reasonable and consistent with industry standards for American Family to reject this proposed charge [for rebuilding property ventilation] given the language of the policy, expert opinions, and the exorbitant cost set forth in the HOA/PA's estimate." (Mot., p. 7, ¶ (d).) This type of opinion, however, is typical for insurance industry experts. Additionally, as explained above, Plitt is describing and summarizing the information that was available to American Family at the time it made its decisions, not determining whether the available opinions are correct or incorrect. His assessment is not that SBSA is wrong, but that, with the available information, American Family complied with industry standards when it concluded that coverage was not available for repairing the ventilation.

**IV.  PLITT'S OPINIONS REGARDING AMERICAN FAMILY'S POST-LITIGATION BEHAVIOR ARE APPROPRIATE AND DO NOT INVOLVE AN ULTIMATE QUESTION FOR THE JURY.**

Plaintiff argues that Plitt cannot testify whether it was reasonable for American Family to file counterclaims, as doing so purportedly encroaches on the trial court's authority. (Mot., p. 8, ¶ (a).) It is appropriate, however, for American Family to disclose an expert who can testify about whether the filed counterclaims are consistent with insurance industry standards because Plaintiff has alleged the opposite in its Second Amended Complaint, bringing the propriety of the counterclaims into dispute. (ECF 86, ¶¶ 47(a)-(h).) Additionally, Plaintiff's own insurance industry expert, Charles Miller, has provided opinions that the counterclaims are not compliant with industry standards. (ECF 196-1, Miller report, pp 93-103.) Plaintiff cannot have it both ways by allowing for Miller's opinion but excluding Plitt's opinion regarding the same issue.[2]

Plaintiff also criticizes Plitt's rebuttal report opining Plaintiff's provision of an estimate generated from an extrapolation analysis is outside insurance industry custom and that American Family's rejection of the analysis was supported by industry standards and reasonable. (Mot., p. 8, ¶ (b).) Plitt opines that industry standards require proof of actual damages, not speculative or inferred damages, and then finds that American Family's rejection of Plaintiff's speculative extrapolation comports with those industry standards. This assessment is consistent with *Specht* and *Wade* in which the Tenth Circuit "allowed experts to apply the law to the facts to reach a discrete legal conclusion relevant to the case." *U.S. v. Wade*, 203 F. App'x at 930.

---

[2] To the extent the Court determines that Plitt's use of the word "reasonable" renders his opinion to be one on an ultimate issue, American Family will stipulate that Plitt will not opine regarding whether American Family's actions were "reasonable" and will confine his opinions to whether the actions were consistent with insurance industry standards.

Moreover, the opinion does not, in fact, encroach on the trial court's authority because it directly involves American Family's lack of payment on an estimate received during litigation. As detailed in ECF 163, once litigation is filed, any obligation of an insurer to settle or pay on a claim is suspended. *Rabin*, 863 F. Supp. 2d at 1113; *see also Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010).

**V.    PLITT'S OPINIONS DO NOT BOLSTER THE OPINIONS OF OTHER EXPERTS OR ENGAGE IN SPECULATION**.

Plaintiff insists that Plitt is speculating about Plaintiff's contingency fee relationship with its representatives. But Plaintiff's public adjuster contract with Impact Claim Services has been disclosed in discovery and undisputedly shows that the public adjuster will receive a 10% contingency fee on all amounts obtained in this litigation. (ECF 175-8, p. 3 of 9.) Indeed, the individual public adjuster himself, Derek O'Driscoll of Impact, admitted this in his deposition. (ECF 195-1, 26:20-27:17; ECF 195-2, 260:1-20.) Second, Plitt's assertion that Plaintiff's lawyer Christopher Mammel is also being compensated on a contingency fee basis is not speculation; it is an informed assumption based on Plitt's lengthy career as an attorney working in insurance litigation. Most tellingly, Plaintiff does not deny that its counsel is under a contingency fee agreement. If Plitt is wrong on this standard as applicable to this case, Plaintiff can certainly exploit any such mistake on cross-examination.

Further, Plaintiff does not provide any factual or legal basis to exclude Plitt's opinions regarding Plaintiff's contingency fee relationship with its representatives. By comparison, in *Wheatridge Office v. Auto-Owners Ins.*, 578 F. Supp. 3d 1187, 1213-14 (D. Colo. 2022), Judge Moore allowed Plitt to opine that the contingency fee agreement between the insured and its public adjuster created a "moral hazard"—the same opinion to which Plaintiff here objects.

(Mot., pp. 9-10) The scattershot arguments based on speculation and purported Rule 403 prejudice are best left for determination at trial. *See generally Cribari v. Allstate*, 2019 WL 2436045 (D. Colo. June 11, 2019) (recognizing counsel's financial motive as relevant in a bad faith case), aff'd, 861 F. App'x 693 (10th Cir. 2021).

Plaintiff also argues that Plitt endorses the opinions of other experts. Not so. The cited pages 22 through 26 of Plitt's rebuttal expert report set forth aspects and opinions that the report of Miller, Plaintiff's expert, does not address. This does not endorse the opinions of other experts but instead points out that Miller failed to address them. Furthermore, Plaintiff fails to provide any argument, case law, or reasoning apart from bald assertions regarding its attempt to exclude Plitt's opinions. This is insufficient to justify excluding any expert opinion.

WHEREFORE, Canyon Club's Motion Under Rule 702 to Exclude Certain Testimony of Steven Plitt should be denied.

Dated: November 30, 2022                    Respectfully submitted,


                                            s/ *Megan B. Treseder*
                                            _____
                                            Terence M. Ridley
                                            Megan B. Treseder
                                            Dean Neuwirth
                                            Spencer Fane LLP
                                            1700 Lincoln Street, Suite 2000
                                            Denver, CO  80203
                                            Telephone:  303.839.3800
                                            Facsimile:   303.839.3838
                                            Email:  tridley@spencerfane.com
                                                    mtreseder@spencerfane.com
                                                    neuwirth@spencerfane.com

Habib Nasrullah
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email: nasrullah@wtotrial.com


Attorneys for Defendant
American Family Mutual Insurance Company

## CERTIFICATE OF COMPLIANCE WITH THE COURT'S TYPE-VOLUME LIMITATIONS

I hereby certify that the foregoing response complies with the proportionally spaced serif font requirement (here, Times New Roman), and that it also complies with the 4,000 word limit requirement, as those requirements are set forth in Judge Domenico's Civil Practice Standards I(D) and III(A)(1). Regarding the word limit, the foregoing response contains 3,490 words (including footnotes but excluding the caption, signature block, certificate of service below, and this certificate of compliance).


*s/Megan B. Treseder*

14

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that on November 30, 2022, I electronically filed the foregoing **AMERICAN FAMILY'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 702 TO EXCLUDE CERTAIN TESTIMONY OF STEVEN PLITT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Michael William Duffy**
  mduffy@merlinlawgroup.com, ileservice@merlinlawgroup.com

- **Christopher N. Mammel**
  cmammel@merlinlawgroup.com, tchensee@merlinlawgroup.com,
  vquitugua@merlinlawgroup.com

- **Habib Nasrullah**
  nasrullah@wtotrial.com, goodwin@wtotrial.com, winiarski@wtotrial.com

- **Dean Neuwirth**
  dneuwirth@spencerfane.com, tkane@spencerfane.com

- **Terence M. Ridley**
  tridley@spencerfane.com, lnorris@spencerfane.com, sallen@spencerfane.com

- **Megan Bitner Treseder**
  mtreseder@spencerfane.com, kkern@spencerfane.com

- **Edward Eshoo, Jr.**
  eeshoo@merlinlawgroup.com, ileservice@merlinlawgroup.com


*s/ Megan B. Treseder*