IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:18-cv-00683-DDD-SBP

CANYON CLUB CONDOMINIUM OWNERS ASSOCIATION,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSTURANCE COMPANY,

    Defendant.

## ORDER ON MOTIONS

This order addresses Plaintiff's Motion for Limited Reconsideration and Defendant's Motion to Strike.

### DISCUSSION

### I.    Plaintiff's Motion for Limited Reconsideration (Dkt. 315)

Plaintiff moves for limited reconsideration of my order granting Defendant's motion in limine #4, Dkt. 313, excluding evidence and argument that Defendant should pay to fix defective chimney flues, fire walls, and the roofing ventilation. Specifically, Plaintiff asks the Court to reconsider whether there exists a triable issue of fact regarding damage to the roof's ventilation system. Dkt. 315 at 7. It argues that because evidence exists to show "direct physical loss was sustained by the ridge ventilation from hail" that damaged the interior of the building, coverage is mandated under the policy. *Id.* at 7–8. And to the extent a change in the building code increases the cost of repairs to these components, Plaintiff argues the ordinance or law provision in the policy, *see* Dkt.

162-2 at 100, applies and must be recognized. *Id*. at 8–9. Plaintiff is mistaken, and for the same reasons in my previous order.

Plaintiff cannot conflate damage to its ridge vent shingles with damage to the "ventilation system" it is seeking coverage for now. Aside from attempting to advance a new argument and supporting facts which were available to Plaintiff at the time of its original motion, which is inappropriate in a motion for reconsideration, *see Goode v. Zavodnick*, No. 1:20-cv-00742-DDD-KLM, 2024 WL 1509161, at *2 (D. Colo. Mar. 29, 2024), the new ventilation system did not exist before the July 2016 hailstorm and thus was not damaged by it. Both parties, moreover, agree that the ventilation of Plaintiff's roof was defective before the storm. *See* Dkt. 162-4 at 20, 36–37, 55–60; Dkt. 264 at 10. As a result, damages to the ventilation fall squarely within the policy exclusions in sections 1.B.2.l and 1.B.3.c. and are not covered. Plaintiff's motion for limited reconsideration is denied.

## II. Defendant's Motion to Strike (Dkt. 323)

Defendant moves to strike Plaintiff's recent disclosure of its revised cost of repair and expert opinions related to it. Dkt. 323. It argues that, with them, Plaintiff advances new theories to recover losses that the Court already determined were not available as a matter of law. Specifically, Defendant objects to Plaintiff's expert opining that nailable deck surfaces and internal structural modifications are necessary to bring the damaged insulation up to code. *Id*. at 3. These features, Defendant claims, were formerly attributed to repairs to the ventilation system and Plaintiff is "simply relabeling expenses" to justify its damages model under the Court's latest ruling. *Id*. at 4. I disagree.

As Plaintiff points out, its prior expense calculations were based on the theory that the entire roofing system—nailable decking, ventilation, thermal insulation, changes in support structures—would be covered.

- 2 -

But since, as reemphasized above, the order on Defendant's motion in limine #4 means that the ventilation portions of those costs are not recoverable, the estimates have to be updated. Plaintiff timely disclosed to Defendant a revised cost of repair that excluded a vented nailable deck, but maintained costs for nailable decking, thermal insulation, and changes to the roofing structure that must be done to support the weight of each. I agree with Plaintiff that genuine disputes of material fact exist as to whether the roof's decking and thermal insulation were damaged from the hailstorm, or as Defendant argues, inadequately discharged warm water vapor from the buildings' pre-existing defective ventilation system caused the damage. Accordingly, Plaintiff's revised cost of repair and opinions related to those items are admissible.

Regarding the cost of making structural modifications to the roofing system to support the weight of new nailable decking and insulation, if Plaintiff can prove this expenditure is covered by the policy's ordinance or law provision, Defendant took the risk not just of covering the costs of direct physical damage to a building component by a covered cause of loss, but also the increased costs of repairing that damage imposed by updated building codes, up to $300,000 for each building. Should the jury find that the decking and insulation of Plaintiff's buildings were damaged by the hailstorm rather than the defective pre-existing ventilation system, and that the structural modifications are necessary to support repairs that align with current code requirements up to policy limits, Defendant agreed to cover them. Because these upgrades are mandated by code, a jury could find that they are required, not subject to the like/kind limitations in the policy, or excludable under sections 1.B.2.l and 1.B.3.c. Accordingly, Plaintiff's revised cost of repair and disclosed expert opinions on compliance are admissible. Defendant's motion to strike is denied. The jury instructions the court provides will incorporate these rulings.  As discussed at the trial preparation

conference, one of Defendant's experts will not be subject to sequestration and will be permitted to observe Mr. Fronapfel's testimony on these topics.

## CONCLUSION

It is **ORDERED** that:

Plaintiff's Motion for Limited Reconsideration, **Dkt. 315**, is **DENIED**, and

Defendant's Motion to Strike, **Dkt. 323**, is **DENIED**.

DATED: April 23, 2025          BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge